J-S31015-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| A.W.E. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.O.E., JR. | : | |
| | : | |
| Appellant | : | No. 122 WDA 2019 |

Appeal from the Order Entered November 14, 2018
In the Court of Common Pleas of Indiana County Civil Division at No(s):
No. 12061 CD 2014

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

CONCURRING/DISSENTING MEMORANDUM BY OLSON, J.:

FILED OCTOBER 03, 2019

I agree with the learned majority that J.O.E., Jr. ("Father") waived any challenge to the June 2018 order. I also agree that the trial court did not err in entering the November 14, 2018 order without a hearing insofar as the order did not modify an award of custody or modify the custody terms. I also conclude that the trial court did not act with bias against Father. I part ways with my colleagues, however, as to whether the trial court erred in denying Father's contempt petition without a hearing. As I believe that a hearing was not necessary, I would affirm the trial court's denial of Father's contempt petition.

As noted by the majority, a consent order was entered by the trial court on April 4, 2018 which provided in part:

> Father shall be permitted to have written communication in the form of letters, drawings, photographs, etc. . . . with each of the minor children[,] no more than once per week. This communication shall be addressed directly to the minor children and limited to the children, custody matters, and matters related directly to the minor children. Furthermore, the minor children shall be permitted to reciprocate written communication back to Father and [A.W.E., ("Mother")] shall not discourage and/or prohibit such reciprocity.

Order, 4/4/18, at ¶ 6. In his contempt petition, Father asserted that Mother violated the April 2018 consent order by failing 1) to deliver to the minor children more than 12 letters that Father allegedly sent to Mother's residence via United States Mail; and, 2) to claim a package that Father mailed via certified mail allegedly filled with letters to the minor children. Father also asserted that Mother was upset that a card for his daughter, R.A.E., was mailed to his mother and given to R.A.E, and that this action prompted Mother to send an e-mail to Father's mother concerning the delivery of the card. As noted by the majority, Mother filed no response to Father's contempt petition and a hearing was not conducted. Instead, the trial court entered an order on November 14, 2018 which provides:

> 1. Pursuant to Consent Order of Court of April 4, 2018, [Father] is permitted to have written communication with the minor children no more than once a week. (Paragraph 6 of the Order of April 4, 2018) The Order is clarified as follows:
>
> > a. the written communication shall be by U.S. Mail addressed directly to the [C]hildren.
> >
> > b. the correspondence shall not be delivered to the [C]hildren by any third-party.

c. [Father] shall not discuss his criminal cases in the correspondence.

d. [Mother] shall not interfere in the delivery of the correspondence unless the correspondence contains improper matters.

[2.] The Petition for Contempt is denied.

Majority Memorandum at 4, quoting Trial Court Order, 11/14/18.

In reviewing an order denying a petition for civil contempt, this Court will reverse such an order only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason. MacDougall v. McDougall, 49 A.3d 890, 893 (Pa. Super. 2012). Moreover,

> [t]o sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which [s]he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent.

Id. (citation omitted). Finally, "[t]o be punished for contempt, a party must not only have violated a court order, but that order must have been definite, clear and specific—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct." Stahl v. Redcay, 897 A.2d 478, 489 (Pa. Super. 2006) (citation, quotes omitted; emphasis added).

In this case, as the learned majority concedes, the trial court entered the November 14, 2018 order expressly to clarify the April 2018 consent order. See Majority Memorandum at 8 ("The November order clarified the April

order, and did not modify the award of custody or modify any terms of the custody order.")  As the trial court explained in its 1925(a) opinion, the November 2018 order clarified that Father is to send written correspondence directly to the minor children through the United States mail, the correspondence shall not be delivered to the minor children by a third-party, and Mother shall not interfere with the delivery of the correspondence to the minor children unless the correspondence contains improper matters.  Trial Court Opinion, 1/9/19, at 3-4.  By entering this clarifying order, it is apparent that the trial court did not believe that the April 2018 order was "definite, clear, and specific—leaving no room for doubt or uncertainty" in Mother's mind.  Stahl, supra.  Hence, even if a hearing were held as to Father's contempt petition, a key element for finding Mother in contempt was missing – "a clear, definite and specific" consent order.  To require the trial court to hold such a hearing would be futile and unnecessary.  Therefore, I cannot agree with the majority that a hearing on Father's contempt petition is necessary under the facts of this case.  Accordingly, I respectfully dissent.